*732 Eminent domain; taking; flowage easement. — On June 18, 1982 the court entered the following order:
The petition in this taking case, filed July 16, 1979, and amended November 28, 1979, sought to recover $1,207,140, exclusive of interest and attorney fees. The six plaintiffs alleged the taking of flowage easements over their properties without just compensation as a result of the Government’s construction and operation of dams on the main stem of the Missouri River.
In a stipulation of liability filed July 30,1980, the United States admitted that it had taken flowage easements on November 30, 1973, over portions of each of the plaintiffs’ properties. By virtue of ownership of their properties at the time of the taking, each of the plaintiffs in this action is entitled to just compensation.
On August 10, 1981, five plaintiffs - Elmer A. Jones and Dorothy A. Jones (No. 1), Robert P. Monfore and Mary Jo Monfore (No. 2), Jack Royce Talsma and Annetta L. Talsma (No. 4), Clifford Talsma and Elizabeth Talsma (No. 5), and Martha Talsma (No. 6) - submitted to defendant offers to settle and compromise the issue of damages. The offers included specified monetary amounts, inclusive of interest to April 30, 1982, plus an aliquot share of plaintiffs’ attorney fees and expenses. As part of the offer of settlement, each of the foregoing named plaintiffs and their successors-in-interest agreed to execute and deliver, and now have delivered to the United States, a deed to the flowage easements on their respective properties. Plaintiffs’ offers were accepted by the United States on November 2, 1981.
On May 28, 1982, a stipulation for entry of judgment, signed by counsel for plaintiffs and by representatives of the Attorney General, was filed to enable judgment to be entered on behalf of the foregoing five plaintiffs, without prejudice to the rights of the remaining plaintiff. The stipulation specified monetary amounts that included the aliquot share of attorney fees and expenses, plus specified per diem interest payments, computed on the value of the property taken, after April 30,1982, until judgment is paid. The parties stipulated that fair and reasonable compensa *733 tion for attorney fees and expenses incurred to date was a total of $66,760.26.
Plaintiff Harold E. Preszler and Eunice Preszler (No. 3) did not enter the stipulation. The stipulation provides for the continuation of the cause of action on their claim, and stated that their share of the attorney fees and expenses for services to the date of the stipulation was $9,112.83 (13.65 percent).
On June 11, 1982, the trial judge of this court recommended that judgment be entered for the five designated plaintiffs in accordance with the stipulation of the parties. The recommendation of the trial judge is adopted by the court.
it is therefore ordered, without prejudice to the claims of Harold E. Preszler and Eunice Preszler (No. 3), that judgment be and is entered in favor of the following plaintiffs in the amounts set forth as follows:
Elmer A. Jones and Dorothy $180,332.66 plus in-A. Jones (1) terest at $29.59 per day after April 30, 1982 until judgment is paid
$200,367.40 plus interest at $32.88 per day after April 30, 1982 until judgment is paid Robert P. Monfore and Mary Jo Monfore (2)
Jack Royce Talsma and Annet- $7,214.10 plus inter-ta L. Talsma (4) est at $1.18 per day after April 30, 1982 until judgment is paid
Clifford Talsma and Elizabeth $95,173.35 plus inter-Talsma (5) est at $15.62 per day after April 30, 1982 until judgment is paid
*734 Martha Talsma (6) $23,842.74 plus interest at $3.91 per day after April 30, 1982 until judgment is paid
On July 12, 1983 judgment was entered for plaintiffs Preszler for $40,000 plus interest and attorney fees as set forth in order.